NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1032
_____

GAYATRI GREWAL,

Appellant
v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES (USCIS)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-08-cv-01439
District Judge: The Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges,*
and STEARNS, *District Judge**

(Filed: January 28, 2011 )
_____

OPINION
_____

---

* The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

SMITH, *Circuit Judge.*

Gayatri Grewal, a native and citizen of India, entered the United States on April 12, 2001 on a J-1 visa with an expiration date of January 31, 2004. A60; *see* 8 U.S.C. § 1101(a)(15)(J). As the expiration date of her J-1 visa approached, Grewal filed an I-539 Application to Extend/Change Nonimmigrant Status from that of a J-1 status to an F-1 status. A74. An F-1 visa is issued to an alien "for the purpose of pursuing . . . a course of study" at, *inter alia*, a college or university. 8 U.S.C. § 1101(a)(15)(F). To obtain the I-539 Change of Status, Grewal had to secure a SEVIS Form I-20 from the institution she planned to attend. 8 C.F.R. § 214.2(f)(1)(i)(A). Although Grewal submitted a SEVIS Form I-20 from Jefferson College in Hillsboro, Missouri, indicating her intent to begin her studies no later than August of 2003, A72, the College terminated the SEVIS because she failed to enroll in classes. A87.

Despite the termination of her SEVIS, the United States Citizenship and Immigration Services (USCIS) did not reject her I-539 application. While her I-539 was still pending, Grewal submitted a second SEVIS I-20 from Jefferson College dated February 23, 2004. A77. This SEVIS indicated that Grewal planned to report for classes no later than August 23, 2004, and to complete her studies by May 25, 2007. The College terminated this second SEVIS in October of 2004, again because of a failure to enroll in classes. A87.

Subsequently, in a decision dated May 19, 2005, USCIS denied Grewal's I-539 Application. A36. It explained that the SEVIS she had submitted had been cancelled on October 23, 2004, and that this rendered her "statutorily ineligible" for the F-1 student visa. A36. Although the decision noted that there was no appeal available, it indicated that she could pursue a motion to reopen or to reconsider under 8 C.F.R. § 103.5.

In response, Grewal obtained from Jefferson College a third SEVIS I-20 Form, which indicated that Grewal planned to report to school in August of 2005 and to complete her studies in August of 2008. A40. In addition, the College's International Student Advisor provided a letter "To Whom It May Concern" indicating that she "requested reinstatement for [Grewal] on June 15, 2005." A85. Grewall submitted these documents to USCIS with a motion to reopen or to reconsider. The following month, USCIS issued a decision dated July 25, 2005, denying the first motion to reopen and to reconsider. The decision explained that Grewal's submissions neither provided new evidence regarding her eligibility at the time her I-539 Application was under consideration nor demonstrated that the denial was incorrect based on the evidence of record at that time. A86.

Grewal again contacted officials at Jefferson College, who provided another letter. After reciting the factual history surrounding the first and second SEVIS, this second letter stated that "[o]n June 15, 2005, we requested reinstatement for

3

Ms. Grewal for the fall 2005 semester. Unfortunately, we cancelled Ms. Grewal's [second] I-20 in October 2004 as opposed to deferring her program start date." A87. This letter, together with a third SEVIS I-20 from the College, accompanied a second motion to reopen and to reconsider. A60. This second motion was denied in a decision dated January 10, 2006, which again explained that the additional submissions did not establish Grewal's eligibility at the time her I-539 Application had been considered and it did not demonstrate that USCIS's initial denial of the I-539 was incorrect. A46.

Thereafter, Grewal filed a third motion to reopen or to reconsider. In a decision dated March 28, 2006, USCIS denied this third motion as untimely. A89. In addition, it pointed out that, like the first two motions to reopen and to reconsider, this third motion did not demonstrate either her eligibility at the time her I-539 was under consideration or that USCIS's initial decision denying her I-539 Application had been incorrect at the time the decision was rendered. A89-90. Grewal filed an appeal to the Administrative Appeals Office. It was denied on the basis that "[t]here is no appeal" from the denial of an I-539 application. A92.

More than two years later, on October 13, 2008, Grewal filed a complaint in the United States District Court for the Western District of Pennsylvania. She alleged, *inter alia*, that she was entitled to relief under the Administrative Procedures Act. 5 U.S.C. § 701 *et seq.* She asserted that she had demonstrated her

4

eligibility for the F-1 student visa by showing that the cancellation of the second SEVIS I-20 had been the result of "an inadvertent error committed by officials of Jefferson College . . . and therefore did not reflect actual ineligibility" for the F-1 student visa.  A28.  USCIS filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment.  The District Court, adopting the report of a Magistrate Judge, granted USCIS's 12(b)(6) motion to dismiss.  This timely appeal followed.[1]

Grewal's complaint sought judicial review of the agency's legal determination that she was statutorily ineligible for an F-1 student visa.  *See Pinho v. Gonzales*, 432 F.3d 193, 203-04 (3d Cir. 2005).  USCIS's 12(b)(6) motion asserted that her claim failed to state a basis for relief as she was statutorily ineligible based on the documents appended to her complaint.

Under 8 U.S.C. § 1258(a), the "Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant

---

[1]  USCIS properly conceded, and the District Court correctly agreed, that the District Court had jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 704 in light of this Court's decision in *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). We exercise appellate jurisdiction under 28 U.S.C. § 1291.  *Pinho*, 432 F.3d at 204.  Although the District Court considered numerous exhibits in resolving this matter, it did not err because the documents it considered were appended to and "explicitly relied upon in the complaint." *In re Rockefeller Ctr. Props.*, 184 F.3d 280, 287 (3d Cir. 1999) (italicized text, quotation marks and citation omitted).  Our review of a District Court's order granting a motion to dismiss under Rule 12(b)(6) is de novo.  *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States[.]" A change to an F-1 status requires the alien to be a "bona fide student qualified to pursue a full course of study . . . who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study[.]" 8 U.S.C. § 1101(a)(15)(F)(i). The Immigration and Nationality Act specifies that the approved "place of study shall have agreed to report . . . the termination of attendance of each nonimmigrant student" or risk the withdrawal of approval by the government of that place of study for foreign students. *Id.* Regulation § 214.2 sets forth the requirements for an F-1 status and specifies that the student must present "a SEVIS Form I-20 issued in his or her own name by a school approved by the Service for attendance by F-1 foreign students." 8 C.F.R. § 214.2(f)(1)(i)(A). The F-1 status endures for the period of "time during which an F-1 student is pursuing a full course of study at an educational institution approved by the Service for attendance by foreign students[.]" *Id.* § 214.2(f)(5)(i).

We agree with the District Court that Grewal was statutorily ineligible during the period of time that her I-539 application was pending. Her ineligibility stemmed from the fact that she did not have a valid SEVIS Form I-20 during the pendency of her I-539 Application. The first two SEVIS Forms were cancelled and therefore did not establish her eligibility for I-539 relief at any point in time

6

before the May 19, 2005 USCIS decision. The third SEVIS Form, though valid, did not pertain to the period of time when her I-539 Application was pending.

We also agree with the District Court that the denial by USCIS of the three motions to reopen and to reconsider was not error. As explained above, the third SEVIS did not establish her eligibility for I-539 Change of Status because it did not pertain to the period of time during which her Application was under consideration. It is true that the letter from Jefferson College could be construed, as Grewal urges, as an admission that the second SEVIS was cancelled in error by the College. Nonetheless, the fact remains that the letter did not state that the College had made a mistake in terminating the second SEVIS. Furthermore, the letter confirmed that the second SEVIS was appropriately terminated under § 1101(a)(15)(F)(i) because Grewal had not enrolled in a course of study. Thus, the College's letter cannot be relied upon by Grewal as new evidence that she was eligible for an F-1 visa while her I-539 Application was under consideration by USCIS, or as evidence that USCIS's initial decision was incorrect.

Accordingly, we will affirm the judgment of the District Court.